IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-94-121 |
| § | CIVIL ACTION NO. H-06–0147 |
| ERIC DARNELL LOWERY, § | |
| § | |
| Defendant-Petitioner. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE GOVERNMENT'S MOTION FOR DISMISSAL**

Before the Magistrate Judge is Petitioner Eric Darnell Lowery's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 973), and the United States' Answer and Motion for Dismissal (Document Nos. 979 & 980). Also pending is Lowery's "Motion Requesting the Southern District Court of Texas to Hold Defendant's Successive Habeas Corpus Application under 28 USCS § 2255 in Stay and Abeyance" (Document No. 2 in Civil Action No. H-06-0147). After having reviewed the Government's Motion, Lowery's previous § 2255 motion (Document Nos. 782, 789), and the claims raised herein, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion for Dismissal be GRANTED, that Lowery's Motion for Stay or to Abate be DENIED, and that this, Lowery's second § 2255 motion be DISMISSED WITHOUT PREJUDICE.

Lowery was charged in 1994 with conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana. (Document Nos. 1, 93, 193). Lowery pled not guilty and proceeded to trial, where he was found guilty of the drug conspiracy offense. Thereafter, following the

preparation of a presentence investigation report, Lowery was sentenced to 360 months confinement, to be followed by a five year term of supervised release. (Document No. 508). A Judgment of Conviction was entered on November 8, 1995. (Document No. 525). The Fifth Circuit affirmed Lowery's conviction in a published opinion on October 27, 1997. (Document Nos. 722, 735); *United States v. Johnston*, 127 F.3d 380 (5th Cir. 1997). Lowery's petition for writ of certiorari was denied in 1998. (Document No. 748). 34 & 35).

In March 1999, Lowery filed his first § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document Nos. 782 & 789). On December 17, 2002, that motion was denied. Then, on or about January 12, 2006, Lowery filed this, his current § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 973). In this current § 2255 Motion, Lowery maintains that his sentence is unconstitutional because it was based on enhancement factors not found by a jury or admitted to by him, in contravention of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). The Government has moved for dismissal of this § 2255 motion on the basis that Lowery has not received the required permission or authorization from the Fifth Circuit Court of Appeals to file such a second or successive § 2255 motion.

Under 28 U.S.C. § 2255,

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Section 2244(b)(3)(A), in turn, provides, "*[b]efore* a second or successive application permitted by this section *is filed in the district court*, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 movant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the motion is actually filed in the District Court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).

Because there is nothing in the record to indicate that Lowery sought and received the appropriate certification from the Fifth Circuit Court of Appeals prior to filing the instant § 2255 motion, or that since the filing of the motion he has obtained the necessary certification, the District Court is without jurisdiction to entertain this § 2255 proceeding. Moreover, because the Fifth Circuit has unequivocally stated that the Supreme Court's decision in *Booker* does not provide a basis for the consideration of a second or successive § 2255 motion, *see In re Elwood*, 408 F.3d 211 (5th Cir. 2005), and that *Booker* does not even apply retroactively to initial § 2255

3

motions, *United States v. Gentry*, 432 F.3d 600, 605-06 (5th Cir. 2005), there is no merit to Lowery's request for a stay or an abatement.   Therefore, the Magistrate Judge

RECOMMENDS that the Government's Motion for Dismissal (Document No. 980) be GRANTED, Lowery's "Motion Requesting the Southern District Court of Texas to Hold Defendant's Successive Habeas Corpus Application under 28 USCS § 2255 in Stay and Abeyance" (Document No. 2 in Civil Action No. H-06-0147) be DENIED, and that Lowery's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 973) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 16th day of May, 2006.

Frances H. Stacy
United States Magistrate Judge